## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| RAFAEL IZAGUIRRE SANCHEZ | CIVIL ACTION NO. 26-825 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BRIAN ACUNA, et al. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Rafael Izaguirre Sanchez ("Sanchez") filed a petition for a writ of habeas corpus naming several federal officials as defendants (collectively, "Respondents"), and the Respondents appeared about two weeks later. Record Documents 1, 4. On April 15, 2026, the Magistrate Judge ordered that the Respondents file an expedited answer to the habeas petition, setting a deadline of May 6, 2026. *See* Record Document 5. The Respondents missed that deadline, and the following day, Sanchez filed a motion for entry of default against the Respondents. Record Document 6. Pursuant to Federal Rule of Civil Procedure 55 and Local Rule 55.1, the Clerk of Court entered default. *See* Record Document 7.

On May 10, 2026, only four days after the response deadline and two days after the entry of default, the Respondents filed an answer to the habeas petition without seeking leave and without addressing the default. Record Document 8. The Court therefore ordered the Respondents to file a motion to set aside the default and show good cause for their late response. Record Document 9. The Respondents have

1

complied and filed a "Motion to Set Aside Entry of Default and to Dismiss Plaintiff's Claims." Record Document 10.

To start, the Court addresses two preliminary matters. First, the motion's caption and its introductory and concluding language purport to seek dismissal of the habeas petition. *See, e.g.*, Record Document 10 at 1 ("[Respondents] respectfully move this Court to dismiss Petitioner's habeas petition[.]"); *id.* at 2 ("The bases for this Motion to Dismiss are more fully set forth and explained in the attached Memorandum in Support."). But the body of the motion makes no argument in support of dismissal and focuses entirely on setting aside the entry of default. *See generally* Record Document 10-1. Thus, the dismissal language appears to result from a copying error and warrants no further discussion.

Second, the Respondents contend that default is premature because Sanchez "has failed to request entry of default." Record Document 10-1 at 4. That contention is factually wrong. The docket reflects that Sanchez filed a motion for entry of default, Record Document 6, and the Clerk of Court then entered default. Record Document 7. The Court therefore rejects this argument.

The Court now turns to whether the default should be set aside. Federal Rule of Civil Procedure 55 allows the district courts to "set aside an entry of default for good cause." The good cause standard is a liberal one, *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991), and evaluating the existence of good cause rests within the sound discretion of the district court. *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). The United States Court of Appeals for

the Fifth Circuit has explained that courts may consider several non-exclusive, equitable factors to determine whether good cause exists, including whether the default was willful, whether setting it aside would prejudice the adversary, whether a meritorious defense is presented, and whether the defendant acted expeditiously to correct the default. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

Here, each factor favors the Respondents. Counsel for the Respondents acknowledged that he missed the response deadline because he failed to update his calendar when the Magistrate Judge entered an expedited briefing schedule. Record Document 10-1 at 3. Although the lapse may have been negligent, it was not an intentional act to delay the proceeding. *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008) ("A willful default is an intentional failure to respond to litigation."). Moreover, even though the Respondents missed their response deadline, they acted quickly to correct their mistake. Within two days of default, the Respondents filed a full response that addressed the habeas petition and presented a meritorious defense, arguing *inter alia* that Sanchez is not entitled to a second bond hearing under *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Finally, Sanchez will not suffer prejudice from setting aside the default because it does nothing more than require the Petitioner "to prove [his] case." *Lacy*, 227 F.3d at 292. Therefore, the Court holds that good cause exists to set aside the entry of default.

**DONE AND SIGNED** at Shreveport, Louisiana, this 9th day of June, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE

3